**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| **RONALD HAMM**         )<br>                                            )<br>    Plaintiff                       )<br>                                            )<br>                                            )   Civil Action No. TMD 07-395<br>                                            )<br>                                            )<br>**MICHAEL J. ASTRUE**         )<br>Commissioner of Social Security, )<br>                                            )<br>    Defendant.                  )<br>                                            ) | |

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Ronald Hamm ("Plaintiff" or "claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.  Before the Court is Plaintiff's Motion for Summary Judgment (Paper No. 15) and Defendant's Motion for Summary Judgment. (Paper No.28).  No hearing is deemed necessary.  Local Rule 105.6 (D. Md.).  For the reasons presented below, Defendant's Motion for Summary Judgment is granted.

**I.  Procedural History**

Plaintiff filed his application for DIB on May 17, 2002 and protectively filed an application for Supplemental Security Income ("SSI") on April 19, 2002 alleging disability since November 15, 2001 due to fibromyalgia and epilepsy.  R. at 56-59, 63 .  At the hearing, Plaintiff amended his alleged onset date to August 1, 2003.  R. at 441.  The claim was denied initially

and on reconsideration. R. at 36-45. On March 16, 2005, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a vocational expert testified. R. at 438-60. Plaintiff was represented by counsel at the hearing. In a decision dated June 3, 2005, the ALJ denied Plaintiff's request for benefits. R. at 11-30. The Appeals Council denied review on December 22, 2006 making this action ripe for review. R. at 4-6.

## II.  ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI using the sequential processes set forth in 20 C.F.R. § 404.1520 and 416.920  At the first step, the ALJ determined Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date. At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: fibromyalgia and affective disorder. At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ then concluded at step four that Plaintiff was capable of performing his past relevant work.   However, the ALJ went on to step five and concluded in the alternative that there are a significant number of jobs in the national economy that Plaintiff could perform given his residual functional capacity ("RFC"). Accordingly, he found that Plaintiff was not disabled within the meaning of the Social Security Act.   R. at 11-30.

## III.  Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995);

*Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

### IV. Discussion

Plaintiff contends that the ALJ's opinion is not supported by substantial evidence because (1) the ALJ erred in his evaluation at step two of the sequential evaluation; (2) the ALJ erroneously assessed Plaintiff's RFC;  (3) the ALJ erred in his credibility determination; and (4) the ALJ failed to properly develop the administrative record.  The Court finds Plaintiff's arguments to be without merit and affirms the decision of the Commissioner.

A.    Step Two

Plaintiff contends that the ALJ ignored several of Plaintiff's impairments at step two of the sequential evaluation including epilepsy.   An impairment or combination of impairments is "severe" if the impairment significantly limits an individual's ability to perform basic work activities.  An impairment is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a

minimal effect on the individual's ability to work.  20 C.F.R. § 404.1521.

Plaintiff asserts that the ALJ ignored Plaintiff's diagnosis and treatment for epilepsy.  To the contrary, the ALJ noted a history of seizures and treatment by Dr. Barbara Hulfish in the 1980's for complex partial seizures.  The ALJ further noted that clamant did well on the regiment prescribed and that significantly, as of April 5, 2001 (over two years prior to his alleged amended onset date), claimant had been off seizure medication for fourteen years and has had no grand mal seizures. R. at 16, 123, 126.  Plaintiff does not point to any evidence which is inconsistent with the evidence cited by the ALJ and does not demonstrate how Plaintiff's past condition of epilepsy significantly limits his ability to perform basic work activities during the relevant period.

Similarly, Plaintiff's asserts that the ALJ ignored his diagnosis and treatment for asthma.  Again, Plaintiff points to evidence which predates his alleged amended onset date of August, 2003.  For example, Plaintiff again cites to a February, 1996 note from Dr. Savita Joshi which simply indicates Plaintiff suffers from bronchial asthma.  R. at 122; *see also* R. at 127 (April 5, 2002  medical record notation that Plaintiff suffers from asthma); R. at 129-37 (medical records from 1999 - 2002 indicating same).  The ALJ did not ignore Plaintiff's asthma condition.  He correctly noted Plaintiff's "history" of asthma and that he had a two-month course of immunotherapy treatment for it which, when completed on June 23, 1999, Plaintiff reported a marked improvement.  R. at 16, 133.  On January 3, 2003, Plaintiff was seen by Dr. Betty Chang who noted a history of asthma and that Plaintiff reported being sensitive to outdoor fumes and exhaust if he works outside.  She further noted that Plaintiff had never been hospitalized for asthma although he had emergency room visits due to it, but not since 2000.

She also reported that Plaintiff took Provental HFA every three or four days. R. at 16, 236. As far as evidence during the relevant time period, Plaintiff points to a single notation from a December 2003 report which simply indicates asthma but does not provide any reasoning why this indication would lead to the conclusion that it significantly limits his ability to perform basic work activities. Indeed, the law is clear that a "mere diagnosis ... says nothing about the severity of the condition." *Higgs v. Bowen,* 880 F.2d 860, 863 (6th Cir.1988).[1]

The Court has reviewed the remaining arguments in which Plaintiff asserts the ALJ ignored Plaintiff's other conditions and finds them to be equally without merit. In short, the evidence again either far predates the amended onset date of disability, do not significantly limit Plaintiff's ability to work and/or were otherwise addressed by the ALJ in his decision.

B.   RFC

Plaintiff next argues that the ALJ erred in his RFC assessment because he failed to set forth a narrative discussion describing how the evidence supports each conclusion. The ALJ found Plaintiff capable of performing a wide range of medium work with some limitations. R. at 25. A review of the ALJ's entire opinion clearly demonstrates that he made specific findings regarding Plaintiff's functional limitations - physical and mental.

---

[1] Plaintiff questions why the ALJ considered Plaintiff's asthma at step three but not step two of the sequential evaluation. The ALJ is required to consider all of the Plaintiff's impairments throughout the sequential evaluation including those found to be non-severe. 20 C.F.R. § 404.1523.

Medium work is defined as work involving "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c).  The ALJ cites to a January 27, 2003 medical record in which Dr. Michael April found that claimant could lift up to 100 pounds and carry 75 pounds occasionally.  R. at 16, 139.  In addition, the ALJ found that Plaintiff indeed experienced some stiffness and pain and therefore was limited in standing, walking as well as lifting (within the confines discussed above). Further, relying on a DDS physician opinion, he determined Plaintiff could not perform work that required climbing scaffolds, ropes or ladders. R. at 25, 160.

Plaintiff also asserts that the ALJ ignored the severity of his mental impairment.  In his RFC assessment, the ALJ found that Plaintiff has moderate limitations as to performing activities within a schedule and maintaining regular attendance for reliability purposes and being punctual within customary tolerances.  He further found Plaintiff to have moderate limitations in his ability to work in coordination with or in proximity to others. R. at 23-25, 28-29.  The ALJ specifically noted that claimant's current work at Commando Canine Security Corporation, requires good attention and rapid responses to the circumstances of a given situation or security problem.  R. at 15, 20, 24 (noting his position as a security guard requires the exercise of good judgment, to be focused and attentive)  He further noted that claimant indicated he goes to church and socializes with friends.  *Id*., R. at 24.  The ALJ thoroughly reviewed the notes of Dr. Carla Sarno as well as Dr. Jones-Fearing.  He questioned the extent of Dr. Sarno's knowledge of claimant's daily social and work activities, R. at 20, and further noted that in his psychiatric evaluation by Dr. Kim Jones-Fearing, claimant seemed preoccupied with whether the results of the examination would interfere with his opportunity to obtain

employment. R. at 17. Dr. Jones-Fearing also opined that claimant would be able to work better upon compliance with a treatment regimen. R. at 17, 285-88.

C.  Credibility Assessment

In addition, the Court has reviewed the ALJ's assessment of Plaintiff's credibility and finds it to be supported by substantial evidence. The ALJ conducted a thorough review of the evidence of record and properly concluded that Plaintiff's medically determinable impairment could reasonably be expected to produce some degree of the alleged symptoms but not to the extent alleged by Plaintiff. R. at 23-25. In support of this finding, the ALJ cited an abundance of evidence. Perhaps most significant, the ALJ noted claimant's extensive level of functioning including his part-time employment as a security guard, continued search for employment, and broad range of daily activities including grocery shopping, light household chores, attending church, going to the movies, and watching television. R. at 24. The ALJ further based his credibility assessment on claimant's initial testimony that he did nothing around his house. R. at 24. He discussed claimant's initial lack of candor at the hearing indicating that he was less than forthcoming with respect to his daily activities. R. at 15. The Court will not disturb the ALJ's credibility assessment.

D.  Duty to Develop the Record

Finally, Plaintiff argues that the ALJ erred by not fully developing the record because he failed to recontact Dr. April. Claimant was examined by Dr. April for the Maryland State Disability Determination Services on January 27, 2003. R. at 138-41. At that time, Dr. April found that claimant most likely had chronic fatigue syndrome. R. at 138. Dr. April subsequently became claimant's treating physician who later opined that claimant had acute

cervical and lumbar strain with myofacial pain syndrome. R. at 175. He ultimately opined that claimant be required to be off from work from the date of his motor vehicle accident, December 5, 2003 and according to claimant, never "cleared" him to go back to work. Plaintiff Mem. at 21.

The duty to recontact is simply not triggered based on a physician's opinion that a claimant not be able to work. Indeed, that conclusion is reserved for the Commissioner. *See* 20 C.F.R. 404.1527(e). Rather, 20 C.F.R. §§ 416.912(e) requires a medical source to be recontacted only when the record is inadequate for the ALJ to make a determination of disability. *See, e.g., White v. Barnhart*, 287 F.3d 903, 908-09 (10th Cir.2001) (noting that rejection of physician's opinion does not trigger the duty to recontact when record is adequate for consideration). "It is the inadequacy of the record, rather than the rejection of the treating physician's opinion, that triggers the duty to recontact that physician." *White v. Massanari,* 271 F.3d 1256, 1261 (10th Cir. 2001) .

There is nothing that demonstrates that the record, with respect to Dr. April's opinion, was so inadequate that the ALJ could not make a finding regarding disability. Indeed, the record contains many pages of notes and test results from Dr. April which were reviewed by the ALJ. R. at 16-19, 138-41, 308-21. The ALJ's decision to afford Dr. April's opinion that claimant could not work little weight was supported by the inconsistency with claimant's work and non-work activities as noted by the ALJ. R. at 19. Indeed, despite Dr. April's opinion that Plaintiff should not work, he did, in fact, work part-time as a security guard, and actively pursued upgraded training in security enforcement. *Id.* There is no basis upon which to conclude that the ALJ erred in failing to recontact Dr. April.

### V. Conclusion

Based on the foregoing, the Defendant's Motion for Summary Judgment is GRANTED.

A separate order shall issue.

                                              _____/s/_____
                                              Thomas M. DiGirolamo
November 12, 2009                     United States Magistrate Judge

Copies to:
Stephen Shea
801 Roeder Rd., Suite 250
Silver Spring, MD 20910

Allen Loucks
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692